# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

JULIE ANN WELSH, )
)
        **Plaintiff,** )
)
v. ) Case No. CIV-09-374-SPS
)
MICHAEL J. ASTRUE, )
Commissioner of the Social )
Security Administration, )
)
        **Defendant.** )

## OPINION AND ORDER

The claimant Julie Ann Welsh requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on January 5, 1970, and was thirty-seven years old at the time of the administrative hearing (Tr. 40). She completed the eleventh grade (Tr. 41), and has worked as a cashier, collector, and newspaper deliverer (Tr. 67-68). The claimant alleges that she has been unable to work since February 3, 2003 because of rheumatoid arthritis (Tr. 121).

## Procedural History

The claimant applied on December 15, 2005 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 103-05, 212-18). Her applications were denied. ALJ Edward Thompson conducted an administrative hearing and determined the claimant was not disabled in a written opinion dated February 22, 2008. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant's severe impairment of rheumatoid arthritis did not preclude a limited range of medium work as defined in 20 C.F.R. §§ 404.1527 and 416.927, *i. e.*, the claimant could lift fifty pounds occasionally and twenty-five pounds frequently; frequently climb,

balance, and stoop; and occasionally kneel, crouch, and crawl (Tr. 17-18). The ALJ concluded that the claimant was not disabled because she could return to her past relevant work as a cashier, collector, or newspaper deliverer (Tr. 20).

## Review

The claimant contends on appeal that the ALJ erred by failing to properly analyze her credibility. The Court agrees, and the decision of the Commissioner must therefore be reversed and the case remanded to the ALJ for further analysis on this point.

At the administrative hearing, the claimant testified, as relevant, that she can stand for fifteen to thirty minutes, but will then have to elevate her legs for over an hour; that her legs swell every day; that she walks with a cane around her house, and uses a motorized cart when grocery shopping; that she has difficulty climbing stairs; that she only takes ibuprofen for the pain because she cannot afford prescription medications; that she has to wear "Crocs" shoes so that her feet can easily slide in and out; that she does not sleep well and therefore naps daily; and that she wore a knee brace after left knee surgery in 1997, but that she discontinued its use because she felt she was allergic to it (Tr. 45-51). In response to questioning from the ALJ, the claimant stated that the use of a cane and/or motorized cart were not prescribed by a doctor; that she was unaware of resources that would help her obtain prescription medications for free or at low cost; and that she had been a smoker for almost twenty years, that she had previously discussed her smoking with a doctor, and that a doctor had told her that she needed to quit (Tr. 55-66).

In his written decision, the ALJ summarized the claimant's testimony and found that her "medically determinable impairments could reasonably be expected to produce

the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" (Tr. 20). In finding the claimant not credible, the ALJ noted that she smokes against medical advice and that she failed to follow prescribed treatment; that, despite claiming to use a cane, she did not have one at the administrative hearing and it was not prescribed by her doctors; and that she takes no prescription medications despite her claims of pain (Tr. 20).

A credibility determination is entitled to deference unless the Court finds that the ALJ misread the medical evidence as a whole. *See Casias,* 933 F.2d at 801. In assessing complaints of pain, an ALJ may disregard a claimant's subjective complaints if unsupported by any clinical findings. *See Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4. Additionally, a credibility determination is based on a weighing of *all* the factors "in combination." [2] *Huston v.*

---

[2] The factors to consider in assessing a claimant's credibility are: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken; (5) treatment for pain relief aside from medication; (6) any other measures the claimant uses or has used to relieve pain or other symptoms; (7) any other factors concerning functional limitations. Soc. Sec. Rul. 96-7p at 3, 1996 WL 374186 (1996).

5

*Bowen*, 838 F.2d 1125, 1132-33 n.7 (10th Cir. 1988) ("When weighed in combination, such factors can shed light on the determination of credibility.").

The specific reasons given by the ALJ for finding that the claimant's subjective complaints were not credible are not entirely supported by the record. For example, although the lack of objective support for subjective complaints is a factor to consider in a credibility analysis, *see Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) (noting that one factor to consider when evaluating the credibility of pain testimony is "the consistency or compatibility of nonmedical testimony with objective medical evidence[.]") [quotation omitted], the lack of objective support alone does not justify completely disregarding subjective allegations. *See, e. g., Hamlin v. Barnhart*, 365 F.3d 1208, 1220 (10th Cir. 2004) ("While 'the absence of an objective medical basis for the degree of severity of pain may affect the weight to be given to the claimant's subjective allegations of pain, . . . a lack of objective corroboration of the pain's severity cannot justify disregarding those allegations.'"), *quoting Luna v. Bowen*, 834 F.2d 161, 165 (10th Cir. 1987). *See also* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements."). Further, although failure to follow prescribed treatment *is* an appropriate credibility factor, here the ALJ failed to state which prescribed treatment the claimant failed to follow. In any case, the ALJ was required to analyze this factor in accordance with *Frey v. Bowen*, 816,

F.2d 508, 517 (10th Cir. 1987),[3] which he did not do. Nor did the ALJ explain how the claimant's failure to quit smoking against medical advice decreased her credibility. The Commissioner referred in his brief to a study suggesting that people with arthritis who continue smoking experience an exacerbation of their symptoms. While this may be true, there is nothing in the record to suggest that the claimant was aware of this, or that the ALJ relied on such information to find that the claimant's continued smoking weighed against her credibility.

Even though the record supports the ALJ's remaining reasons for assigning little credibility to the claimant, *see, e. g., Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (noting that whether the claimant took pain medication was an appropriate factor in determining attempts made to relieve pain), a credibility determination must weigh *all* the factors "in combination." *Huston v. Bowen*, 838 F.2d 1125, 1132-33 n.7 (10th Cir. 1988) ("When weighed in combination, such factors can shed light on the determination of credibility."). *See also Bakalarski v. Apfel*, 1997 WL 748653, at *3 (10th Cir. Dec. 3, 1997) ("Although the ALJ's remaining reasons find support in the record, this case must be reversed for a reevaluation of [claimant's] subjective complaints. Because a credibility assessment requires consideration of all the factors 'in combination,' *Huston*, 838 F.2d at 1132 n.7, when several of the factors *relied upon* by the ALJ are found to be unsupported or contradicted by the record, we are precluded from weighing the

---

[3] In analyzing claimant's failure to follow prescribed treatment, "we consider four elements: (1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse." *Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987) [citations omitted].

7

remaining factors to determine whether they, in themselves, are sufficient to support the credibility determination.") [unpublished opinion]. Accordingly, the Commissioner's decision must be reversed and the case remanded to the ALJ for further analysis of the claimant's credibility. If such analysis requires any adjustment to the claimant's RFC on remand, the ALJ should re-determine what work she can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 28th day of March, 2011.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma